**Case No. 25-4511**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EMSURGCARE AND EMERGENCY SURGICAL ASSISTANT,
*Plaintiffs and Appellants,*

v.

AVERY HAGER,
*Defendant and Appellee.*

On appeal from the United States District Court
for the Central District of California; Case No. 2:24-CV-02243 AB

**APPELLEE AVERY HAGER'S RESPONSE AND REQUEST THAT THIS APPEAL BE DISMISSED WITH PREJUDICE BECAUSE IT WAS UNTIMELY FILED.**

Michael Zorkin, Bar No. 313308
**THE ZORKIN FIRM**
6320 Canoga Avenue, 15th Floor
Woodland Hills, California 91367
Telephone: (323) 493-8075
Facsimile: (323) 872-5251
Email: MZ@thezorkinfirm.com

*Attorneys for Defendant and Appellee Avery Hager*



1

I. **RELEVANT PROCEDURAL HISTORY**

- August 9, 2024 – District Court enters ordered dismissing all claims against Mr. Hager, transferring the case against the remaining defendants to the Southern District of New York, and terminating the case (Dkt. 26);

- August 18, 2024 – Appellants move for reconsideration of the District Court's order of dismissal (Dkt. 27);

- September 23, 2024 – District Court enters order denying Appellants' motion to reconsider the order of dismissal (Dkt. 34);

- October 22, 2024 – District court enters a judgment in Mr. Hager's favor against the Appellants (Dkt. 36);

- November 22, 2024 – Appellants file their first Notice of Appeal, Case No. 24-7154 (Dkt. 39).

- December 2, 2024 – this Court issues an Order to Show Cause re: timeliness of the appeal in Case No. 24-7154. (Dkt. 3.1)

- December 23, 2024 – Appellants file a motion for voluntary dismissal in Case No. 24-7154. (Dkt. 7.1).

- January 2, 2025 – This Court dismisses the appeal in Case No. 24-7154. (Dkt. 9.1).

- July 18, 2025 – Appellants file a new notice of appeal in this case (25-4511).

II. **ARGUMENT**

Appellee Avery Hager disagrees with Appellants' response to the order to show cause and requests that the appeal be dismissed with prejudice because the appeal was untimely filed.



1

### A. The District Court's orders dismissing the case against Avery Hager in 2024 were final and appealable.

The District Court's orders dismissing the case and denying Appellants' motion to reconsider dismissal were a full adjudication of issues and the District Court's final acts in the matter. Therefore, any appeal should have been filed 30 days after dismissal in 2024. *Casey v. Albertson's Inc*, 362 F.3d 1254, 1258–59 (9th Cir. 2004) ("A ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter."); *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102 (9th Cir. 2008) (concluding that the Court had jurisdiction to hear the appeal where: "The district court granted defendants' motion to dismiss, disposing of all the claims in plaintiffs' complaint, and did not address plaintiffs' request for leave to amend. The court, however, did not enter final judgment."); *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1031 (9th Cir. 2020) ("[W]hen it appears that the district court intended the dismissal to dispose of the action, it may be considered final and appealable.")

In *Reuber v. U.S.*, 773 F.2d 1367, 1368 (D.C. Cir. 1985), the District of Columbia held that an order dismissing the case against one defendant combined with an order transferring the case against co-defendants out of circuit is final for purposes of § 1291, notwithstanding a lack of entry of judgment under Rule 54(b). The court explained that when there is "nothing left over for [the] district court rethink or revise," the decision is final and appealable and Rule 54(b) does not apply. This is because Rule 54(b) "concerns decisions made on fewer than all claims or parties while portions of the case are retained for further adjudication *in the decision-rendering forum*." *Id.* (emphasis original). Therefore, "when a district court has



2

dissociated itself from a case in all respects, it has made a final decision" and there are no judgments or orders which "may be revised" under Rule 54(b). *See also Hill v. Henderson*, 195 F.3d 671, 674 (D.C. Cir. 1999) (recognizing that when a party is dismissed before venue transfer, as opposed to a claim, the order dismissing the party is final regardless of entry of Rule 54(b) judgment).

Here, the District Court intended to, and did, dispose of the action by dismissing all claims against Mr. Hager and denying Appellants' motion to reconsider. The District Court left no issues unresolved and did not grant leave to amend. Nothing remained that could have been "revised" under Rule 54(b). The docket entry stated "Warning: Case Closed on 8/8/2024" and the docket text concluded with the notation "Case Terminated."

*Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007), cited in the Order to Show Cause (Dkt. 7.1), does not control because it involved a transfer between two districts within the Ninth Circuit. This Court's ruling that the order was not appealable until final judgment made sense as any appeal would come to this Court. Here, by contrast, the District Court dismissed all claims against Mr. Hager and transferred the remainder of the case to the Southern District of New York.

Proceedings against a different defendant in New York could not, and did not, change the finality of the District Court's order dismissing the case against Mr. Hager and closing the case.

What is more, Appellants waived any argument that a final judgment has not been entered by moving for reconsideration. *Casey*, 362 F.3d at 1258–59 (9th Cir. 2004) (holding that a party waives the argument that no final judgment has been entered by filing a motion to reconsider the dismissal).



3

In short, the District Court's denial of the motion to reconsider on September 23, 2024 was an appealable order ending the case for all purposes.

### B. This Court lacks jurisdiction to hear the appeal because the Notice of Appeal was untimely filed.

The case against Mr. Hager was dismissed on August 9, 2024. The motion to reconsider tolled the deadline to appeal. Fed. R. App. P. 4(a)(4)(iv); *Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995) (construing a motion for reconsideration under local district rules to be a motion under FRCP 59(e) for purposes of FRAP 4(a)(4)).

The motion to reconsider was denied on September 23, 2024. Judgment for Mr. Hager was entered on October 22, 2024. Appellants had 30 days to appeal. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

This Court lacks jurisdiction because the first notice of appeal was untimely under any metric. *Evans v. Synopsys, Inc.*, 34 F.4th 762, 768 (9th Cir. 2022) ("[L]ate filing of the appeal notice necessitates dismissal of the appeal.") Appellants' first notice of appeal, filed November 22, 2024, was untimely as it was filed more than sixty days after the order denying reconsideration.

And the notice of appeal was untimely if the October 22, 2024 judgment was the trigger as it was filed thirty-one days after entry of judgment.

Appellants' new notice of appeal is also untimely. Appellants' voluntary dismissal placed them in the same position as if they never filed a notice of appeal. *U.S. v. Arevalo*, 408 F.3d 1233, 1236–37 (9th Cir. 2005) (*citing Williams v. U.S.,* 553 F.2d 420, 422 (5th Cir. 1977)).

"An appellant who has voluntarily dismissed his appeal must move to reinstate within the time limits for filing a notice of appeal." *Id.* A court is "without jurisdiction absent proper reinstatement." *Id.* "A motion to



4

reinstate should be treated as a fresh notice of appeal, effective if time remains under Rule 4 and ineffective otherwise." *Id.* (*quoting Barrow v. Falck,* 977 F.2d 1100, 1103 (7th Cir. 1992)); *Colbert v. Brennan*, 752 F.3d 412, 416 (5th Cir. 2014) (A voluntarily dismissed appeal "cannot be revived after the expiration of the original appeal period.")

In sum, a court of appeal may entertain a motion to reinstate only if it is filed within the original time to appeal. Appellants did not file a motion to reinstate their appeal but filed a new notice of appeal ignoring the voluntary dismissal. Appellants cannot resurrect an untimely appeal by filing a new untimely notice of appeal. And the result is the same even if the first notice of appeal is deemed timely. *See Arevalo*, 408 F.3d at 1237.

This Court thus lacks jurisdiction to hear the appeal because the notice of appeal was filed too late.

### III. CONCLUSION

For these reasons, Mr. Hager respectfully requests that this appeal be dismissed with prejudice.

| | |
|---|---|
| August 8, 2025 | THE ZORKIN FIRM |
| | By: /s/ Michael Zorkin |
| | Michael Zorkin |
| | *Attorneys for Defendant and Appellee Avery Hager.* |



5